IN THE
UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

GEOVANNIE COLLAZO,
     Plaintiff,

v.

JOHN/JANE DOES 1-6,
     Defendants.

Case No. 1:25-cv-01218-JEH

**Merit Review Order**

Plaintiff, proceeding *pro se* and incarcerated at Pontiac Correctional Center, filed a Complaint under 42 U.S.C. § 1983 alleging violations of his constitutional rights. (Doc. 1). This case is before the Court for a merit review of Plaintiff's Complaint pursuant to 28 U.S.C. § 1915A. The Court must "screen" Plaintiff's Complaint and dismiss any legally insufficient claim or the entire action if warranted. § 1915A. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* In reviewing the Complaint, the Court accepts the factual allegations as true, liberally construing them in the Plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

**I**

Plaintiff alleges he had a video visit with his family at a kiosk on December 4, 2024. During the video visit, he was shackled to a chair while other inmates moved around him. Minutes after his video visit began, Plaintiff alleges the gallery

gate opened, and the correctional officers vanished around the corner. Plaintiff alleges government informants, "Jane Doe & John," brutally assaulted him. (Doc. 1 at p. 4). Plaintiff claims unidentified correctional officers ordered "the hit." *Id.* Plaintiff also indicates that twenty-two unidentified correctional officers were aware of the life-threatening imminent harm because they conspired as a group to assault him. *Id.* at pp. 4-5. After the attack, Plaintiff alleges that "c/o John & Jane Doe 1-22" denied him medical treatment to conceal his injuries.

## II

It appears that Plaintiff is attempting to allege excessive force, failure-to-intervene, and deliberate indifference claims, among others. However, it is unclear from his Complaint how each Defendant was involved. On the first page of his Complaint, Plaintiff names John & Jane Doe 21 and Informant 1 as Defendants. (Doc. 1 at p. 1). On the second page, Plaintiff names John & Jane Doe 1-6 as Defendants. *Id.* at p. 2. In other parts of his Complaint, he refers to "Jane Doe & John" and "John & Jane Doe 1-22." *Id.* at pp. 4-5. Due to Plaintiff's vague allegations, it is impossible for the Court to identify the specific allegations against each Defendant and determine whether there are potential claims against any of them.

Federal Rule of Civil Procedure 8 states a complaint must include "a short and plan statement of the claim showing the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The purpose of this rule is to "give defendants fair notice of the claims against them and the grounds for supporting the claims." *Stanard v. Nygren*, 658 F.3d 792, 797 (7th Cir. 2011) (citation omitted); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Plaintiff's Complaint does not give Defendants adequate notice of his claims. Therefore, Plaintiff's Complaint is DISMISSED WITHOUT PREJUDICE as a violation of Federal Rule of Civil Procedure 8.

The Court will allow Plaintiff the opportunity to file an Amended Complaint within thirty days of this Order. His Amended Complaint MUST clearly state what happened, when it happened, which Defendants were involved, how each Defendant was involved, and any harm Plaintiff suffered. Plaintiff MUST also provide the date each allegation occurred or a specific timeframe.

**IT IS THEREFORE ORDERED:**

**1)     Plaintiff's Complaint is DISMISSED WITHOUT PREJUDICE as a violation of Federal Rule of Civil Procedure 8. Plaintiff shall have 30 days from the entry of this Order to file an Amended Complaint. Failure to file a timely Amended Complaint or to follow the instructions in this Order will result in the dismissal of this case, with prejudice. Plaintiff's Amended Complaint will replace Plaintiff's original Complaint in its entirety. The Amended Complaint must contain all allegations against all Defendants. Piecemeal amendments are not accepted.**

**2)     Plaintiff shall immediately inform the Court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.**

*It is so ordered.*

Entered: July 22, 2025

s/Jonathan E. Hawley
U.S. District Judge

3